1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PAULINE HARRINGTON,                        CASE NO. 07cv1330 JM(RBB)

12                              Plaintiff,       ORDER GRANTING MOTION TO
                                                 ALTER PRIOR JUDGMENT OR
         vs.                                     ORDER
13
     MICHAEL J. ASTRUE, Commissioner of
14   Social Security,

15                             Defendant.

16

17          Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"), moves

18   pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend this court's September 29, 2008

19   Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment ("Order").

20   Specifically, the court found that the ALJ's failure to ask the vocational expert ("VE") if her testimony

21   conflicted with the Dictionary of Occupational Titles ("DOT") constituted reversible error under

22   Massachi v. Astrue, 486 F.3d 1149 (9th Cir. 2007).  The Commissioner argues that remand to the ALJ

23   for further consideration is not warranted under the circumstances because such an error is harmless

24   in light of the evidentiary record.  Plaintiff opposes the motion.

25                                  **DISCUSSION**

26          A motion to alter or amend a judgment or order under Rule 59(e) or Rule 60 is appropriate

27   where "(1) the district court is presented with newly discovered evidence, (2) the district court

28   committed clear error or made an initial decision that was manifestly unjust, or (3) there is an

1   intervening change in controlling law." <u>Duarte v. Bardales</u>, 526 F.3d 563, 567 (9th Cir. 2008); <u>School</u>

2   <u>Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted), <u>cert. denied</u>, 114

3   S. Ct. 2742 (1994).  The Government argues that any error in the underlying administrative proceeding

4   is harmless because "substantial evidence [] supports the ALJ's conclusion that the VE's testimony

5   was consistent with the DOT (Dictionary of Occupational Titles)."  (Motion at p. 2:15-16).  For the

6   reasons set forth below, the court finds this argument persuasive and therefore reconsiders its prior

7   Order.

8          The court incorporates the analysis set forth in its earlier Order and addresses the issues raised

9   by the Commissioner.  "The procedural requirements of SSR 00-4 ensure that the record is clear as

10  to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's

11  testimony conflicts with the" DOT.  <u>Massachi</u>, 486 F.3d at 1152.  Where there is an apparent conflict

12  between the VE's testimony and the DOT, "at a minimum" the ALJ "must inquire through a

13  vocational expert into the possible inconsistency."  <u>Burns v. Barnhart</u>, 312 F.3d 113, 127 (3rd Cir.

14  2002) (finding that Social Security Ruling 00-4p requires the ALJ to ask the vocational expert whether

15  any possible conflicts exist between the vocational expert's testimony and the DOT).

16         As the VE's testimony was consistent with the DOT, the Commissioner concludes that there

17  was no need for testimony explaining the inconsistencies as no material inconsistency exists.

18  Consequently, the Commissioner concludes that the court committed clear error. As set forth in the

19  Order, two of the positions identified by the VE (counter clerk and office helper) require a level two

20  reasoning level.  (Order at 18-21).  A level two GED reasoning means the worker must apply

21  "commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal

22  with problems involving a few concrete variables in or from standardized situations." 1 U.S. Dept of

23  Labor, DOT Titles Nos. 239.567-010, 249.366-010, at 210, 217 (4th ed. Rev. 1991).  Reasoning at

24  GED level one means the worker must apply "commonsense understanding to carry out simple one-or

25  two-step instructions and deal with standardized situations with occasional or no variables in or from

26  these situations encountered on the job." <u>Id.</u>, No. 230.687-101, at 205.

27         In addressing Plaintiff's reasoning level (and as set forth in the Order), the ALJ determined

28  that Plaintiff was able to perform "simple, repetitive work [and] to understand detailed but

1  uncomplicated instructions, and simple one/two instructions." (Admin. R. 19; Order at p.19).  While

2  the ALJ's findings do not precisely parrot the definition of GED level two in the DOT, the degree or

3  level of reasoning identified by the ALJ is consistent with the definition of GED level two in the DOT.

4  In this sense, there is no apparent conflict between the VE's testimony and the DOT which would

5  trigger the further consistency review contemplated in <u>Massachi</u>.  As the scope of this court's review

6  of the Commissioner's decision is limited to determine whether it is supported by substantial evidence

7  and is free of legal error,  <u>Hermes v. Secretary</u>, 926 F.2d 789, 790 (9th Cir. 1991), the court finds that

8  it would be clear error to remand this matter for further determinations where the evidentiary record

9  supports the Commissioner's decision.

10         In sum, the court grants the motion to reconsider the prior Order.  The Clerk of Court is

11  instructed to enter judgment on the cross motions for summary judgment (Docket Nos. 18, 19), in

12  favor of Defendant and against Plaintiff on all claims.

13         **IT IS SO ORDERED.**

14  DATED:  January 13, 2009

15                                                                                  _____

16                                                                                  Hon. Jeffrey T. Miller
                                                                                    United States District Judge

    cc:              All parties

17

18

19

20

21

22

23

24

25

26

27

28